**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION**

| | | |
|---|---|---|
| **KELLY ROSS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CIVIL ACTION NO. 5:26-cv-103 (MTT)** |
| | ) | |
| **JOY CAMPANELLI, *et al.*,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

## ORDER

On March 19, 2026, Plaintiff Kelly Ross, proceeding pro se, filed a complaint against Defendants Joy Campanelli, Genine D. Edwards, and Brian Gottlieb. ECF 1. That same day, Plaintiff filed a motion to proceed *in forma pauperis* ("IFP"). ECF 2. For the following reasons, Plaintiff's motion to proceed IFP (ECF 2) is **GRANTED**. But the complaint lacks important factual allegations that Plaintiff may have omitted because of Plaintiff's pro se status. Thus, the Court **ORDERS** Plaintiff to amend the complaint by **May 12, 2026**.

### I. DISCUSSION

**A. Motion to Proceed IFP**

28 U.S.C. § 1915(a) governs motions to proceed IFP. It provides:

[A]ny court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such

prisoner possesses that the person is unable to pay such fees or give security therefor.[1]

When considering a motion to proceed IFP filed under § 1915(a), "the only determination to be made by the court is whether the statements in the affidavit satisfy the requirement of poverty." *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1307 (11th Cir. 2004) (citation modified). A plaintiff is not required to show he is "absolutely destitute." *Id.* (quoting *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948)). Rather, "an affidavit will be held sufficient if it represents that the litigant, because of his poverty, is unable to pay for the court fees and costs, and to support and provide necessities for himself and his dependents." *Id.* "A court may not deny an IFP motion without first comparing the applicant's assets and liabilities in order to determine whether he has satisfied the poverty requirement." *Thomas v. Chattahoochee Jud. Cir.*, 574 F. App'x 916, 917 (11th Cir. 2014) (citing *Martinez*, 364 F.3d at 1307–08).

However, § 1915(a) "should not be a broad highway into the federal courts." *Phillips v. Mashburn*, 746 F.2d 782, 785 (11th Cir. 1984). Rather, it "conveys only a privilege to proceed without payment to only those litigants unable to pay costs without undue hardship." *Mack v. Petty*, 2014 WL 3845777, at *1 (N.D. Ga. Aug. 4, 2014). District courts have "wide discretion" in deciding whether a plaintiff can proceed IFP, and "should grant the privilege sparingly," especially in civil cases for damages. *Martinez*, 364 F.3d at 1306.

---

[1] "Despite the statute's use of the phrase 'prisoner possesses,' the affidavit requirement applies to all persons requesting leave to proceed IFP." *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1306 n.1 (11th Cir. 2004).

The Court has reviewed Plaintiff's IFP affidavit. Plaintiff's affidavit establishes that Plaintiff cannot pay the court fees without undue hardship. ECF 2. Thus, the motion to proceed IFP (ECF 2) is **GRANTED**.

## B. Frivolity Review

Section 1915 does not create an absolute right to proceed IFP in civil actions. "Where the IFP affidavit is sufficient on its face to demonstrate economic eligibility, the court should first docket the case and then proceed to the question of whether the asserted claim is frivolous." *Martinez*, 364 F.3d at 1307 (citation modified). When allowing a plaintiff to proceed IFP, the Court shall dismiss the case if the Court determines that the complaint (1) "is frivolous or malicious;" (2) "fails to state a claim on which relief may be granted;" or (3) "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

A claim is frivolous if it "has little or no chance of success," meaning that it appears "from the face of the complaint that the factual allegations are 'clearly baseless' or that the legal theories are 'indisputably meritless.'" *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993). "A dismissal under § 1915(e)(2)(B)(ii) for failure to state a claim is governed by the same standard as a dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6)."[2] *Thomas v. Harris*, 399 F. App'x 508, 509 (11th Cir. 2010) (citing *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997)). However, because Plaintiff is proceeding pro se, Plaintiff's "pleadings are held to a less stringent standard than

---

[2] To avoid dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6), a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). On a motion to dismiss, "all well-pleaded facts are accepted as true, and the reasonable inferences therefrom are construed in the light most favorable to the plaintiff." *In re Galectin Therapeutics, Inc. Sec. Litig.*, 843 F.3d 1257, 1269 n.4 (11th Cir. 2016) (quoting *Garfield v. NDC Health Corp.*, 466 F.3d 1255, 1261 (11th Cir. 2006)).

pleadings drafted by attorneys and will, therefore, be liberally construed." *Hughes v. Lott*, 350 F.3d 1157, 1160 (11th Cir. 2003) (citation modified). Even so, "the district court does not have license to rewrite a deficient pleading." *Osahar v. U.S. Postal Serv.*, 297 F. App'x 863, 864 (11th Cir. 2008).

The complaint consists of the following three paragraphs: "1. Defendants had ex parte communication, 2. This case is within federal jurisdiction, 3. Plaintiff demands damages to be decided by the Court." ECF 1. As it stands, the complaint is frivolous. However, given Plaintiff's pro se status, the Court will afford Plaintiff an opportunity to amend to state viable claims. *See Duff v. Steub*, 378 F. App'x 868, 872 (11th Cir. 2010) (per curiam) ("When it appears a pro se plaintiff's complaint, if more carefully drafted, might state a claim, the district court should give the pro se plaintiff an opportunity to amend his complaint instead of dismissing it.").

Accordingly, Plaintiff is **ORDERED** to amend the complaint to include all facts Plaintiff wishes to make a part of these proceedings and cite the appropriate statutory or constitutional authority for bringing those claims. Plaintiff shall have until **May 12, 2026** to file an amended complaint.

In the "statement of claims" section of the amended complaint, Plaintiff must link each claim to a named defendant. If Plaintiff fails to link a named defendant to a claim, the claim will be dismissed; if Plaintiff makes no allegations in the body of the complaint against a named defendant, that defendant will be removed from the action.

Plaintiff must provide enough facts to plausibly demonstrate that each defendants' actions or omissions resulted in the violation of Plaintiff's rights under a specific law. It is also recommended that, when drafting a "statement of claims," Plaintiff

-4-

list numbered responses to the following questions (to the extent possible) along with the name of each defendant:

(1) What did each defendant do (or not do) to violate Plaintiff's rights?

(2) When did each action occur?

(3) How was Plaintiff injured as a result of each defendant's actions?

The amended complaint will take the place of and supersede Plaintiff's original complaint. *Schreane v. Middlebrooks*, 522 F. App'x 845, 847–48 (11th Cir. 2013). Plaintiff may not refer to, or incorporate by reference, a previous complaint. The Court will not look back to the facts alleged in the original complaint once the amended complaint is filed; the Court will only consider the facts in the amended complaint when it conducts the frivolity review required by § 1915(e)(2)(B). *Hoefling v. City of Miami*, 811 F.3d 1271, 1277 (11th Cir. 2016) (holding that the filing of an amended pleading renders the previous pleading a "legal nullity").

## II. CONCLUSION

Pursuant to 28 U.S.C. § 1915 and for the reasons set forth above, Plaintiff's motion to proceed IFP (ECF 2) is **GRANTED**, and Plaintiff is **ORDERED** to amend the complaint no later than **May 12, 2026**.

**SO ORDERED**, this 28th day of April, 2026.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT